# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TYRONE HURT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-260 |
| GEORGIA ZIMMERMAN and THE STATE OF FLORIDA, | ) ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Tyrone Hurt, for the sixth time in less than a year, has filed a frivolous complaint that is subject to immediate dismissal under 28 U.S.C. § 1915(e)(2).[1] Doc. 1. The last time he did this, the Court not only dismissed his case, but also enjoined him "from submitting any further illegible complaints in this District." *Hurt v. State*, CV415-102, doc. 3 (S.D. Ga. Apr. 22, 2015), *adopted* doc. 5. As this case's existence

---

[1] That statute requires the dismissal of a complaint filed *in forma pauperis* ("IFP") if the court "at any time" determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. § 1915(e)(2)(B). The Court **GRANTS** Hurt's request to proceed IFP (doc. 1 at 4).

demonstrates, that's proven to be an insufficient deterrent to this out-of-control litigant.

## I. BACKGROUND

From what little the Court can glean from his largely illegible complaint, Hurt sues George Zimmerman -- the "Captain of the Neighborhood Watch" -- and the State of Florida for civil rights claims related to Zimmerman's killing of Trayvon Martin. *See* doc. 1 at 1. He may also have sued the Florida legislature, "all Legislative Bodies across this Nation," the International Criminal Court, and the International Peace Court (which does not exist), though his handwriting and the structure of his complaint make that far from pellucid. *See id.* He seeks five trillion dollars in damages. *Id.* at 5. Critically, his complaint's deficiencies are identical to those found in his other five Southern District of Georgia cases,[2] which in turn replicate those in Hurt's many other cases filed around the country.

---

[2] *See Hurt v. Jackson, Miss.*, CV415-231 (S.D. Ga. Aug. 24, 2015) (pending); *Hurt v. State*, CV415-102 (S.D. Ga. Apr. 22, 2015) (dismissing complaint as frivolous and enjoining Hurt from filing illegible complaints); *Hurt v. Florida*, CV415-100 (S.D. Ga. Apr. 17, 2015) (dismissing complaint because of legibility issues); *Hurt v. Mississippi*, CV415-094 (S.D. Ga. Apr. 15, 2015) (dismissed for failure to comply with an order directing Hurt to resubmit his *in forma pauperis* (IFP) motion, which, in addition to being unreadable, contained no meaningful financial data); *Hurt v. Chief of Police*,

Hurt may be the most prolific frivolous filer this Court has ever encountered. A Public Access to Court Electronic Records ("PACER") search reveals *587* cases filed by "Tyrone Hurt."[3] A random sampling of those cases reveals hand-written complaints in the same illegible scrawl as used by Hurt here. It would come as no surprise then if the overwhelming majority, if not all, of those 587 cases are Hurt's. What's more, a "Tyrone Hurt" search alone doesn't fully capture the extent of his vexatious impact because a sizeable number of his cases are docketed using the name "Tyrone Hunt." *See, e.g., Hunt v. All Neo-Nazis*, 2013 WL 3208682 (D. Mass. June 6, 2015). Whether because courts have trouble discerning the letter "r" from "n" in Hurt's illegible script, or because he's actively trying to avoid litigation injunctions, the filing of his cases under two names further increases the scope of his litigation abuse.

---

CV414-244 (S.D. Ga. Nov. 13, 2014) (dismissed for failure to comply with an order directing Hurt to refile a legible complaint).

[3] By comparison, the appellant in *Procup v. Strickland*, a frivolous filer who "engaged in ridiculously extensive litigation" that justified "severe[] restrict[ions]," filed 176 cases in the Jacksonville division of the Middle District of Florida. 792 F.2d 1069, 1070, 1074 (11th Cir. 1986). Hurt's numerous filings appear to exceed Procup's by more than three to one.

At the appellate level, the Fourth and D.C. Circuits have ample experience with Hurt. *See, e.g., Hurt v. Soros*, 520 F. App'x 229 (4th Cir. 2013) (dismissing seven District of Maryland cases); *Hurt v. Eighth Amendment to U.S. Constitution*, 317 F. App'x 338 (4th Cir. 2009) (dismissing eight Eastern District of Virginia cases); *Hurt v. Soc. Sec'y Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) ("[S]ince the start of 2006, Hurt has filed appeals in over seventy cases before this Court, none of which had any chance of success."). He has also menaced district courts in Indiana, Massachusetts, California, Ohio, the District of Columbia, New York, Maine, and the Federal Circuit. *See, e.g., Hurt v. United States*, 143 F. App'x 353 (Fed. Cir. 2005); *Hurt v. Ferguson, Mo.*, No. 1:15-cv-1054 (S.D. Ind. July 10, 2015) (the most recent of nine cases filed in that district in the last eight months); *Hurt v. Lanier*, No. 1:14-cv-484 (D. Me. Nov. 19, 2014); *Hurt v. Center of the World*, No. 1:14-cv-7710 (S.D.N.Y. Sept. 30, 2014); *Hurt v. Koch*, 2014 WL 2813276 (S.D. Ohio June 23, 2014); *Hurt v. United States*, 2013 WL 4539162 (D. Mass. Aug. 24, 2013); *Hurt v. All Sweepstakes Contests*, 2012 WL 5077140 (N.D. Cal. Oct. 18, 2012); *Hurt v. Metro. Police Dep't*, 2006 WL 3462584 (D.D.C. Nov. 29, 2006). Every one of those cases was dismissed as frivolous.

Hurt began creeping closer to this district several years ago. In 2013, he targeted the Middle District of Florida. *See, e.g., Hurt v. Zimmerman*, 2013 WL 315697 at * 2 n. 1 (M.D. Fla. Jan. 10, 2013) (dismissal recommended in suit against George Zimmerman and the state of Florida challenging that state's "stand your ground" law because "Plaintiff's handwriting is so difficult to decipher that the Court is not even certain of Plaintiff's name"), *adopted by* 2013 WL 315689 (M.D. Fla. Jan. 28, 2013); *Hurt v. Fla. Legislative Body*, 2014 WL 2778299 at * 4 (M.D. Fla. June 18, 2014) (suit challenging Florida's "stand your ground" law dismissed for lack of standing). And between June 2010 and September 2011, he filed no fewer than fourteen specious actions in the Northern District of Georgia. *See Hurt v. The Int'l Peace Gov't*, CV111-2869, doc. 2 at 4 (N.D Ga. Sept. 6, 2011).

Many courts have implemented schemes to protect themselves from Hurt. The District of Massachusetts, "[g]iven Hu[r]t's persistence in filing complaints that are legally and factually insufficient, that name as defendants entities not liable for the claims asserted, that are filed in courts without jurisdiction to adjudicate the claims and without personal jurisdiction over the defendants named," enjoined him "from filing any

further pleadings in th[o]se actions and from filing any additional or new claims, cases, complaints, or other documents in this Court, in any manner, way or form, without first obtaining written approval of a judge of this Court." *Hunt v. All Neo-Nazis*, 2013 WL 3208682 at * 3 (D. Mass. June 20, 2013), *appeal dismissed* (Nov. 7, 2013).

The Northern District of California, faced with nineteen typical Hurt complaints, ordered that:

> [t]he Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiff. If Plaintiff wishes to file a complaint, he shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing. Any violation of this Order will expose Plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

*Hurt v. All Sweepstakes Contests*, 2013 WL 144047 at * 8 (N.D. Cal. Jan. 11, 2013).

The Southern District of Ohio took a slightly different tack. It "declared [Hurt] to be a harassing and vexatious litigator," and

> **ENJOINED AND PROHIBITED** [him] from filing any additional complaints in the Southern District of Ohio which have not first been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is

6

admitted, and which are accompanied by payment of the full filing fee.

*Hurt v. Koch*, 2014 WL 2813276 at * 1 (S.D. Ohio June 23, 2014). Since then, Hurt hasn't filed a single case in that district.

Only slightly less successful -- likely because it is effectively one of Hurt's "home" districts (he lives in Washington, D.C.) and that geographic proximity makes inundation easier -- has been the Eastern District of Virginia's approach.[4] After countless Hurt filings, that Court enjoined him from (1) amending any existing pleadings (other than filing a notice of appeal); and (2) filing any new complaints without paying a $100 partial filing fee. *Hurt v. Clinton*, 2008 WL 9007257 at * 1 (E.D. Va. Oct. 21, 2008). It also ordered that any future submissions Hurt made without paying the required $100 fee would "not be scanned, docketed, or filed, but will be placed in a paper file titled 'In re Tyrone Hurt,' which the Clerk will maintain solely for historical and appellate reasons." *Id.*

---

[4] Hurt has filed only two complaints in the Eastern District of Virginia since it imposed restrictions. *See Hurt v. United States*, No. 3:13-cv-145 (E.D. Va. Mar. 7, 2013); *Hurt v. Gray*, No. 2:12-cv-20 (E.D. Va. Jan. 9, 2012). The *Gray* case is a poster child for how Hurt's illegible scrawl can, at least momentarily, subvert the best laid plans of mice and courts. There, the clerk mistakenly docketed the complaint as filed by "Tyrone *Hunt*," and so the case originally escaped the IFP restrictions imposed in *Hurt v. Clinton*, 2008 WL 9007257. Once the court realized the mistake, it revoked Hurt's IFP status, though by that point it had already entered a four page order addressing and dismissing Hurt's claims, "which sought statehood for the District of Columbia and a trillion dollars in punitive damages." *Hurt v. Gray*, doc. 4 at 1.

The long-suffering D.C. Circuit[5] (recall that Hurt filed *70* frivolous appeals there in less than two years), by contrast, simply "revoke[d] Hurt's IFP privilege, dismiss[ed] all his appeals pending . . . and direct[ed] the Clerk of the Court to refuse to accept any more of Hurt's civil appeals that are not accompanied by the appropriate filing fees." *Hurt v. Soc. Sec'y Admin*, 544 F.3d 308, 311 (D.C. Cir. 2008). Since then, Hurt has filed only two appeals. *See Hurt v. District of Columbia*, No. 13-8008 (D.C. Cir. Oct. 9, 2013) (dismissed without docketing via letter to Hurt); *In re Tyrone Hurt*, No. 13-8001 (D.C. Cir. Jan. 25, 2013) (same).

## II. ANALYSIS

"Access to the courts is unquestionably a right of considerable constitutional significance," though it is "'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir.1991)). Sometimes, "[c]onditions and restrictions on [a] person's access are necessary to preserve the judicial resource for all other persons." *Id.* "Frivolous and vexatious law suits," like those Hurt

---

[5] *See* http://blogs.wsj.com/law/2008/10/03/sue-on-your-own-dime-litigation-as-a-form-of-costless-entertainment/.

8

presses, "threaten the availability of a well-functioning judiciary to all litigants." *Id.*

IFP litigants pose special risks because:

> paupers filing *pro se* petitions are not subject to the financial considerations -- filing fees and attorney's fees -- that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*In re McDonald*, 489 U.S. 180, 184 (1989); *see also Procup*, 792 F.2d at 1072 ("Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge."). Nevertheless, "the propriety of an injunction against IFP filings by a litigant depends on weighing the interest of the court to protect its own jurisdiction to hear meritorious matters against the interest of the IFP litigant presenting his claim for adjudication." *Miller*, 541 F.3d at 1096.

Even so, "blanket prohibitions" on future filings do not fare well in this Circuit. *Id.* at 1097 (list of approved devices to screen frivolous IFP filings had one thing in common: no blanket prohibitions). Filing limitations that do pass constitutional muster are "limited to restricting

improper conduct of the type which the" record indicates the "plaintiff has displayed in the past." *Id.* at 1097 (injunction barring removal of family-law matters to federal court upheld, but sanction prohibiting *pro se* filings vacated) (quotes omitted). "A blanket injunction that prohibits all IFP filings by a given person would be overinclusive; it would screen out legitimate claims of the indigent, even if these claims concerned fundamental interests." *Id.* at 1096.

Hurt's past and present litigation conduct in this Court mirrors that which he has displayed in every other district unfortunate enough to experience his illegible salvos. Here, as elsewhere, he has sued entities incapable of being sued, for claims that don't exist, in improper venues (among many other pleading deficiencies). In this district he has sued Jackson, Mississippi for decades-old race crimes which allegedly violate the Eighth Amendment (he also sued Philadelphia, though for what the Court cannot tell), *Hurt v. Jackson, Miss.*, CV415-231 (S.D. Ga. Aug. 24, 2015); sued all corrections employees in Georgia, or the Southern District, perhaps the world -- Hurt never says, *Hurt v. All Dep't of Corr. Emps.*, CV415-102 (S.D. Ga. Apr. 22, 2015); sued the state of Florida for unknown claims, *Hurt v. Florida*, CV415-100 (S.D. Ga. Apr. 17, 2015);

sued all American citizens for -- surprise -- unknown claims, *Hurt v. Mississippi*, CV415-094 (S.D. Ga. Apr. 15, 2015); and sued the chief of police of an unknown location for unknown claims. *Hurt v. Chief of Police*, CV414-244 (S.D. Ga. Nov. 13, 2014).

In everything he files, Hurt displays a remarkably bad penmanship that is virtually illegible (and is actually so in large swaths of his many submissions). Any reader of his headache-inducing writing is advised to have aspirin on hand. Trying to decipher his "jiggery-pokery," *King v. Burwell*, 135 S. Ct. 2480, 2500 (2015) (Scalia, J., dissenting), and addressing his frivolous filings[6] has impaired the Court's ability to adjudicate the legitimate claims of other litigants because it has spent time clearing the docket space occupied by plaintiff's "[p]ure applesauce." *Id.* at 2501. Indeed, "the number, content, frequency, and disposition of [all] his filings shows an especially abusive pattern, aimed at taking advantage" of the Court, the privilege of filing complaints IFP, and, ultimately, of the public. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008).

---

[6] *See Roy v. United States*, 2009 WL 1449090 at * 1 (E.D. Mich. May 21, 2009) (complaint "comprised of multiple pages containing illegible hand-written notations scrawled across them" dismissed as frivolous).

If anyone deserves to have their access to the federal courts restricted, it's Hurt (as so many other courts have previously recognized, *see supra* at 5-9). None of his complaints has ever had any merit, and each has served only to sap the Court's time and resources. Although plaintiff retains a right to access federal courts, he has no right to abuse them as he has for at least the past nine years. In light of his unbelievably prolific history of frivolous and vexatious filings, and in order to curb further abuse, conserve judicial resources for other litigants, yet still provide meaningful court access, *see Miller*, 541 F.3d at 1096 (courts must balance their self-interest against a litigant's constitutional court access right), the Court should impose the following restrictions on all future civil actions Hurt seeks to commence.

1. The Clerk shall receive the papers, open a single miscellaneous file for tracking purposes,[7] and forward the papers to the presiding district judge in this case to determine whether Hurt qualifies for IFP status and whether he has stated a claim with any arguable merit. Only if the pleading alleges a *plausible* claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under

---

[7] All future filings from Hurt will be docketed under that miscellaneous case number, unless the Court orders otherwise as to any particular pleading.

28 U.S.C. § 1915(e) will be dismissed *without any further judicial action* 30 days from the date the complaint is received by the Clerk, unless the Court orders otherwise. Thus, although the Court will read and consider any future IFP application and complaint that Hurt files, it will not necessarily enter an order addressing the application or complaint. If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Hurt that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).[8]

2. The Clerk shall not docket any further motions or papers in a case automatically dismissed pursuant to this directive except for a notice of appeal. Any papers other than a notice of appeal will be retained[9] by the Clerk for appellate and historical purposes only. If a notice of appeal is filed, the Clerk shall forward a copy of the Court's ruling in this case, the notice of appeal, and the dismissed complaint to the Court of Appeals. Hurt shall remain responsible for appellate filing fees (or he may move this Court for IFP status on appeal).

---

[8] Any cases dismissed in this manner may be resubmitted for filing if Hurt pays the filing fee.

[9] The Clerk shall scan and save in an electronic file all papers Hurt submits in cases dismissed pursuant to this directive. That file must be accessible to all divisions in this district. Such papers will not be docketed on CM/ECF.

3. To ensure that all future Hurt pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future Hurt complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers. The Clerk shall devote scrupulous efforts to ensure that no "Hunt" or similar illegibility-caused misfilings occur.

4. Hurt may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

5. These filing restrictions do not apply to any criminal case in which Hurt is named as a defendant, or to any proper application for a writ of habeas corpus.

6. A copy of the order imposing these restrictions shall be forwarded to each judicial officer in this District.[10]

---

[10] Similar restrictions proved efficacious with three other serial frivolous filers. *See Brewer v. United States*, CV600-140, doc. 107 (S.D. Ga. Aug. 25, 2015); *Robbins v. Universal Music Grp.*, 2015 WL 171443 at * 1 (S.D. Ga. Jan .13, 2015); *Finch-Grant v. Long*, 2014 WL 3888124 at * 3-4 (S.D. Ga. Aug. 6, 2014).

Hurt's present complaint, however, should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim. All future civil actions Hurt seeks to file will be subject to these restrictions.

**SO REPORTED AND RECOMMENDED** this 7th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA